## Hill v. Wright.

(Decided October 13, 1911.)

### Appeal from Graves Circuit Court.

Statute of Fraud—Verbal Acceptance of an Order Given by One Partner on Another for the Former's Individual Debt.—A verbal acceptance of an order given by one partner on another for the former's individual debt, there being no consideration for the acceptance and promise to pay is within the Statute of Frauds, and no recovery can be had thereon.

HURSHEL T. SMITH for appellant.

W. J. WEBB, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On January 7th, 1910, N. E. Hill executed and delivered to appellee, H. C. Wright, the following order: ''W. M. Hill: January 7, 1910. Pay to H. C. Wright the sum of $356.75.'' Charging that he presented this order to W. M. Hill, and that the latter agreed and promised to pay the same as soon as the school buildings of the City of Mayfield, Kentucky, were accepted by the Board of Education of that city, Appellee Wright brought this action against Appellant W. M. Hill to recover the amount of the order together with interest and costs. A demurrer was interposed to the petition. Pending the demurrer appellee filed an amended petition wherein he alleged that appellant, W. M. Hill, and N. E. Hill were at the time partners in the construction of certain school houses in Mayfield, Kentucky; that the order in question was presented to appellant, W. M.

Hill, who accepted the same and agreed to pay the amount thereof, but not until he had a settlement with the school board for what was due on the contract; that appellee agreed to wait the collection until that time and thereupon released N. E. Hill on the indebtedness, and thereafter he looked to appellant therefor. The demurrer to the petition and the petition as amended was overruled. Thereupon appellant filed an answer denying the allegations of the petition and the petition as amended. A trial was had, which resulted in a verdict for appellee Wright. From the judgment predicated thereon this appeal is prosecuted.

It appears from the record that appellee Wright had a contract with the Old Woolen Mills of Mayfield to build an addition to its plant. He sublet the brick work to N. E. Hill, a brother of of appellant, W. M. Hill. During the course of the work appellee Wright had advanced to N. E. Hill the sum of $356.75, to be applied in payment of the brick which N. E. Hill, as sub-contractor, had furnished for the construction of the building. The brick used in the building had been purchased from F. P. Hill, of Paducah. F. P. Hill refused to release his lien on the building until the amount referred to was made good. Thereupon the order in question was drawn and presented to appellant. According to the evidence of appellee's witnesses appellant then agreed to pay the amount due when he effected a settlement with the school board. There was some evidence to the effect that appellant, W. M. Hill, and N. E. Hill were partners in the construction of the school buildings, but W. M. Hill contends that N. E. Hill was simply his foreman, and for his services as such was to receive one-half of the profits. Appellant, however, was not interested with his brother in the Old Woolen Mill contract, and the indebtedness represented by the order was owing only by his brother, N. E. Hill. But it is insisted by appellant that the court erred both in failing to sustain his demurrer to the petition as amended and in refusing to award him a peremptory instruction.

Section 470, subsections 4 and 7, of the Kentucky Statutes, is as follows:

"No action shall be brought to charge any person * * * upon a promise to answer for the debt, default or misdoing of another * * * unless the promise, contract, agreement, representation, or ratification, or some mem-

orandum or note thereof, be in writing, and signed by the party to be charged therewith.''

Appellant did not accept, in writing, or agree in writing to pay the order in question. The evidence does not disclose any consideration for the promise. It follows that appellant's verbal acceptance of the order and agreement to pay the sum mentioned therein was simply an undertaking on his part to answer for the debt of another, unless the partnership relation existing between him and his brother has the effect of taking the case out of the statute.

In the case of Wagnon and Others v. Henry Clay, 1 A. K. Mar. 257, it was held that the verbal promise of a partner to pay a partnership note, not on account of the partnership transaction, but for the individual debt of the other partner, was against the obvious provisions of the Statute of Frauds. To the same effect is Taylor v. Hillyer, 3 Blackford (Ind.) 433.

In the case under consideration W. M. Hill was in no way interested in the contract which N. E. Hill had with appellee Wright. The amount due Wright was the individual debt of N. E. Hill. There was no consideration for the oral acceptance and promise to pay, and the partnership relation which existed between appellant and his brother as to other contracts did not make such acceptance and promise to pay any the less an undertaking on appellant's part to answer for the debt of another. As the acceptance and promise to pay were not in writing, we conclude that this case falls within the purview of the statute. It, therefore, follows that the trial court should have directed a verdict in favor of appellant.

Judgment reversed and cause remanded for proceedings consistent with this opinion.